UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO. 21-cv-3496 |
| VERSUS | CHIEF JUDGE HICKS |
| PETROTECH SOLUTIONS, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

AIG Specialty Insurance Company filed this complaint for declaratory judgment against PetroTech Solutions, LLC. AIG, as the party bringing the suit, has the burden of establishing a basis for subject matter jurisdiction. The complaint states that the action is brought pursuant to the Declaratory Judgment Act and that the court "also has jurisdiction based on diversity pursuant to 28 U.S.C. 1332(a)." The Declaratory Judgment Act does not of itself confer jurisdiction on the federal courts, so a party bringing the action must establish a basis for federal question or diversity jurisdiction. <u>Rivero v. Fidelity Investments, Inc.</u>, 1 F.4th 340, 343 (5th Cir. 2021).

AIG alleges that it is an insurance "company" organized under Illinois law with its principal place of business in New York. That is adequate to allege AIG's citizenship if it is a corporation, and the court will assume that its reference to company means corporation. If any party disagrees with this characterization, it must raise the issue in writing prior to the initial scheduling conference.

The complaint alleges that PetroTech is "incorporated" in Louisiana, but the name of the organization suggests that it is a limited liability company rather than a corporation.

This citizenship of an LLC is based on that of its members, and the complaint alleges that they are Gary L. Brown and Ralph Lamar Rentz, Jr. "of Minden, Louisiana." The citizenship of an individual is the state in which the individual is domiciled. The court will assume that the complaint intends to allege that Brown and Rentz are domiciled in Louisiana and, thus, citizens of Louisiana. If any party disagrees with the characterization of PetroTech or the citizenship of its members, the issue must be raised in writing prior to the initial scheduling conference.

Subject to the assumptions made above, the court finds that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion. Counsel are encouraged to, in future pleadings, use the specific terminology needed to determine citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of October, 2021.

Mark L. Hornsby
U.S. Magistrate Judge